Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor
Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TINA FOON YAN<br><br>　　　　　　　　　　Debtor. | Case No.: 23-30020 HLB 13<br><br>Chapter 13<br><br>R.S. No.: DT-001<br><br>CREDITOR CHARLES LI'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(4)<br><br>Date: February 9, 2023<br>Time: 1:00 p.m.<br>Judge: Hon. Hannah L. Blumenstiel<br>Place: 450 Golden Gate Avenue<br>　　　　San Francisco, CA 94102<br>Courtroom: 19 |

　　　　Creditor Charles Li submits this motion for prospective in rem relief from automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d)(4).

　　　　The present bankruptcy petition is nothing but the latest chapter in a long-running scheme by disbarred attorney Demas Yan and his family, including his mother, Debtor Tina Yan ("Debtor" or "Tina"), to defraud creditors, in particular Creditor Li. Debtor has been involved in four bankruptcies that affected the same property she owns at 1433-1435 7th Avenue, San Francisco, California ("Debtor Property"). She and Thai

Ming Chiu ("Chiu") participated in a sham 1% transfer of the Debtor Property to 818 Green Street LLC ("818 LLC"), a shell entity connected to Demas Yan, which then filed bankruptcy petitions in both the Northern District and Southern District of California[1], each time on the eve of a sheriff's sale. The 1% transfer, the hit-and-run bankruptcy filing in this Court on the eve of execution, and the second filing in a distant forum purely to burden creditor Li all point to classic abuse of the bankruptcy process and exploitation of the automatic stay in order to escape paying the judgments she owes to Creditor Li.

On August 5, 2022, similarly days before a sheriff's sale, Debtor filed a Chapter 13 petition in her own name in this Court.[2] She submitted no schedules or supporting documents and moved to dismiss the case on August 22, 2022, barely two weeks later, after having achieved her goal of scuttling the sheriff's auction.[3]

Debtor's current Chapter 13 petition displays the same lack of good faith, being filed one day before the most recently-scheduled sheriff's sale of the Debtor Property. Moreover, it is part of a well-established pattern, following her 2022 petition that was dismissed for her failures to meet numerous filing requirements.

Given Debtor's long history of bankruptcy abuse and participation in multiple bad faith bankruptcy filings, simple dismissal is not enough. It is virtually guaranteed that Debtor will file another bad faith, fraudulent bankruptcy petition the next time a sheriff's sale is scheduled. In rem relief from automatic stay is necessary and warranted so that movant Li can proceed to enforce his judgments after years of delay.

---

[1] Case No. 19-41624-CN (N.D.Cal.); Case No. 8:19-bk-14452-MW (C.D. Cal.).

[2] Case No. 22-30407.

[3] Chiu also filed for bankruptcy around the same time. *See In re Thai Ming Chiu*, Case No. 22-30405-HLB (N.D. Cal.) (the "Chiu Bankruptcy"). The sheriff's sale on Chiu's property at 768 38th Avenue, San Francisco, California was scheduled for the same date as that for Tina's property. The Chiu bankruptcy is still pending. Creditor Li recently filed a motion for relief from the automatic stay in the Chiu Bankruptcy, which is scheduled to be heard on February 2, 2023.

## I. Factual Background

### A. Movant's Underlying Litigation and Judgment Against Demas Yan

Debtor is the mother of Demas Yan. Thai Decl., ¶ 2. In *Charles Li v. Demas Yan*, CGC-10-497990 (San Francisco Superior Court), Creditor Li obtained a judgment against Demas Yan for legal malpractice, unauthorized practice of law, and fraud, among other claims. Thai Decl., Exh. A, pp. 2-3. Yan, while in law school in the late-2000's, had given Creditor Li, a retired Chinese-American with limited knowledge of English and the legal system, legal advice on a contract as to which Demas Yan himself had liability to Li. *Id.*, p. 2. Demas Yan at the time was in his own epic personal bankruptcy case, *In re Yan*, 04-33526 TEC (Bkrcy. N.D.Cal.), and he prevailed upon Creditor Li to withdraw a bankruptcy claim based on the contract[4]. *Id*. After he was admitted to the bar, Demas Yan formally appeared as Creditor Li's attorney even though he had a pending lawsuit as a plaintiff against Li. *Li v. Yan*, 247 Cal. App. 4th 56, 61 (2016); *see also* Thai Decl., Exh. A, pp. 2-3.

When Creditor Li finally understood Demas Yan's conflict of interest, he attempted to revive his bankruptcy claim. Thereupon, four of Demas Yan's relatives, including Debtor, filed late competing claims against his estate, alleging spurious loans they had made to him. Thai Decl., ¶ 3. This Court disallowed their claims and the Bankruptcy Appellate Panel affirmed, remarking upon the highly suspicious timing and manner of their occurrence. *In re Yan*, No. NC-10-1476-JUHPA, 2011 WL 2923855, at *2 (B.A.P. 9th Cir. 2011) ("[T]he trustee was about to make a distribution to postpetition lien creditors and that Li came in with a claim and then 'all of a sudden relatives came out of the woodwork at the last minute'."). Demas Yan, incredibly, represented Tina in her creditor's claim against himself, and represented the other relatives in their creditor's

---

[4] Debtor Yan filed an Objection to Mr. Li's claim in Yan's bankruptcy case and coerced Mr. Li to withdraw his claims.

claim and in the appeal of the disallowances, leading the B.A.P. to remark upon the stunning conflict of interest. *In re Yan*, *supra*, 2011 WL 2923855, at *7. [5]

Creditor Li was ultimately unable to revive his creditor's claim in bankruptcy court for other reasons. Therefore, he filed the *Li v. Yan* malpractice action in 2010 and won at trial in 2012. The *Li v. Yan* judgment was affirmed in an unpublished opinion by the First District Court of Appeal. It has been modified several times to add attorneys' fees, and the Fifth Amended Judgment, entered on November 30, 2018, currently stands at $1,498,422.01. It remains unsatisfied. Thai Decl., ¶ 4. A separate appeal over post-judgment discovery resulted in a published opinion. *See Li v. Yan*, 247 Cal.App.4th 56. Noting Demas Yan's "frankly, hard to believe" protestations of penury and the "claimed transfer(s) to members of his family, who may be complicit in Yan's machinations," the California court of appeal affirmed an order for him to produce his tax returns. *Li*, 247 Cal. App. 4th at 68, 69. He continues to refuse to do so. Thai Decl., ¶ 4.

### B. Fraudulent Transfer Action Against Debtor, Demas Yan, and Other Relatives.

During debtor's examinations to enforce the *Li v. Yan* judgment, Creditor Li learned that Demas Yan had transferred his sole substantial asset, a three-unit residential building at 547 23rd Avenue, San Francisco, California, to several relatives, including Debtor Tina. Thus, in 2014 Creditor Li had to file a new action for fraudulent transfer. *Charles Li v. Thai Ming Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court). Demas Yan was also a defendant in *Li v. Chiu, et al.*, and he served as his relatives' attorney through trial and appeal. Thai Decl., ¶ 5. Debtor's abuse of the discovery process was so egregious that the trial judge initially entered terminating sanctions against him but later granted him a reprieve, giving him the benefit of the doubt that the misconduct was Demas Yan's. Thai Decl., Exh. A, p. 5. As was factually found

---

[5] Debtor did not appeal the disallowance of her claim because it duplicated the claim by Demas Yan's father, Cheuk Tin Yan, who did appeal.

at trial, Demas Yan and his parents passed real property back and forth among themselves under various pretenses. Thai Decl., Exh. A, p. 7.

After winning once again at trial, Creditor Li obtained a judgment that set aside the challenged property transfer and entered separate monetary awards against the transferee-relatives for the value of the property interest transferred to them. The judgment permitted Creditor Li to enforce against any or all of the defendants so long as each defendant pays no more than the specific monetary award amount against them, and so long as Creditor Li recovers no more than his total underlying judgment. The amount entered against Debtor is $824,180.57 and has not been satisfied, and post-judgment interest has been accruing. Thai Decl., ¶ 6; *see also id.*, Exh. A, p. 9.

C. **Enforcement of *Li v. Chiu, et al.*, Judgment and Debtor's Multiple Failed Appeals.**

To collect on his judgment, Creditor Li acted first against the property clawed back from Demas Yan. However, in 2018, Yan effected yet another transfer of the building to his wife and an unknown third party. Creditor Li was therefore forced to file *Charles Li v. Mei Ling Fang, et al.*, CGC-18-571386 (San Francisco Superior Court). Creditor Li then, in parallel, began activities to collect on the money judgment against Debtor Tina. Thai Decl., ¶ 7.

Debtor filed *five* appeals of the judgment, *three* of them challenging the substance of the money judgment (in addition to other collateral appeals). She lost them all. On May 31, 2018, the First District Court of Appeal affirmed the judgment in virtually all parts, reversing only as to the attorneys' fees that had been awarded against Chiu (Appeal No. A149849). Thai Decl., Exh. A, pp. 19-21. Debtor argued in her appeal that the property interest was transferred to her to repay the debt from Demas Yan that was the subject of her disallowed creditor's claim. The California court of appeal, however, recognized and respected the res judicata effect of this Bankruptcy Court's disallowance of that claim, which substantively adjudicated that the alleged debt did not exist. Thai Decl., Exh. A, pp. 15-18. The superior court then entered a Second Amended

Judgment ("SAJ") on November 16, 2018 to conform with the court of appeal's remittitur. Thai Decl., Exh. B. The SAJ is secured by an abstract of judgment recorded against Debtor's real property on November 26, 2018. Thai Decl., Exh. C; *id.*, ¶ 8.

Debtor then filed a motion to set aside the SAJ, and, when that was denied, filed a second notice of appeal of *Li v. Chiu, et al.* (Appeal No. A156760) in March 2019, now arguing that the court exceeded its jurisdiction in awarding a monetary judgment against Debtor as an alternative remedy to setting aside the challenged transfer. Thai Decl., Exh. D; *id.*, ¶ 9. On December 22, 2020, the court of appeal again affirmed, holding that "defendants forfeited their 'dual remedies' argument by failing to raise it in their prior appeal, the judgment is not void, and the transferee defendants have failed to provide an adequate record for review." Thai Decl., Exh. D, p. 8. The California court of appeal noted that this was not Debtor's first appeal of the judgment and made clear that Debtor may not invoke Cal. Code Civ. Pro. § 473(d) to set aside the judgment at any time. Thai Decl., Exh. D , pp. 9-12. The court concurrently rejected Debtor's parallel appeal (California Court of Appeal, First District, Appeal No. A158050) of the order for sale of her dwelling, which also raised the same excess of jurisdiction argument.

When the disruptions due to the coronavirus pandemic had abated, and Creditor Li resumed judgment enforcement activity, Debtor Tina filed another appeal attacking the superior court's second order for sale of Debtor's dwelling, the third time she made the same excess of jurisdiction argument (Appeal No. A163866). On August 1, 2022, the California court of appeal again affirmed the *Li v. Chiu, et al.*, judgment. Thai Decl., ¶ 10; *id.*, Exh. E. As the court noted, "[t]his is defendants' fifth appeal in this case." Thai Decl., Exh. E, p.1 n.1. After disposing of Debtor's procedural arguments, the court held: "Defendants' additional contention – that the underlying judgment is void for granting relief unauthorized by the UVTA – is a rehash of an argument we have twice rejected." Thai Decl., Exh. E, p. 5. Although Creditor Li's request for appellate sanctions was denied for procedural reasons, the court of appeal sternly "warn[ed] defendants that

relitigating issues previously decided against them in subsequent appeals may subject defendants to sanctions." Thai Decl., Exh. E, p. 5.

**D. Debtor's Machinations in the Bankruptcy Court.**

Because the *Li v. Chiu, et al.*, defendants were unable to stay execution pending their appeals, Creditor Li kept moving on multiple avenues of enforcement. He obtained an order for sale of Tina's dwelling, and the sheriff scheduled the sale for July 23, 2019. Thai Decl., Exhs. F and G . On July 16, a grant deed was recorded conveying 1% of the Debtor Property (her home) to an entity called 818 Green Street LLC ("818 LLC"), which then filed for bankruptcy in this Court on July 18, 2019. *In re 818 Green Street LLC*, No. 19-41624-CN (N.D.Cal. Bkcy); *see also* Thai Decl., Exhs. H and I. 818 LLC had filed a previous bankruptcy, No. 14-42286 WJL, (N.D.Cal. Bkcy), after purportedly receiving real estate transferred through an unrecorded deed. Debtor 818 LLC's owner, Harry Nguyen, informed the trustee's counsel that he purchased the property from "Demis Yan" with a $50,000.00 promissory note, with no cash changing hands. Thai Decl., Exh. J, p. 2. The Honorable Charles Novack granted Creditor Li in rem relief from stay pursuant to 11 U.S.C. § 362(d)(4) but later withdrew it because 818 LLC's woefully deficient petition had already been summarily dismissed. Thai Decl., ¶ 11, *see id.*, Exh. I, ECF Nos. 23 and 37 .

The next sheriff's sale was scheduled for November 19, 2019. Having dodged in rem relief from automatic stay, 818 LLC filed for bankruptcy again on November 14, 2019, in the Central District of California, to which it had no known connection (No. 8:19-bk-14452-MW). Thai Decl., Exh. K. Creditor Li had to retain bankruptcy counsel in the distant forum and obtained an order for 11 U.S.C. § 362(d)(4) in rem relief from the Central District on June 11, 2020. Thai Decl., Exh. L. By that time, however, Debtor was enjoying the de facto stay of execution provided by the coronavirus pandemic and its shelter-in-place orders. As the courts slowly reopened for civil matters in 2021, Creditor Li filed renewed applications for an order for sale of Debtor Tina's

dwelling, which the San Francisco Superior Court issued on November 2, 2021, finding that "there was a willful, deliberate and intentional failure to cooperate with the appraisal of the property." Thai Decl., Exh. M. Debtor then filed Appeal No. A158050, discussed above. By the time the San Francisco Sheriff's department could schedule another sale, for August 16, 2022, the in rem relief from the Central District had expired. Thai Decl., Exh. N. Debtor filed a petition on August 5, 2022, which was dismissed at her request, less than three weeks after filing the petition. *See* Thai Decl., Exh. P.

The San Francisco Sheriff noticed another sale for January 12, 2023. Thai Decl., Exh. Q. The present bankruptcy petition was filed two days before, and just like her previous filing less than six months ago, she has failed to file more than a dozen of the most basic documents necessary for a petition under Chapter 13. *See* Thai Decl., ¶ 13; *see also In re Tina Foon Yan*, Case No. 23-30020 HLB 13 (N.D.Cal. Bkcy), Docket No. 9 (Order for Individuals in Chapter 13 Case to File Required Documents and Notice of Automatic Dismissal).

## II. ARGUMENT

### A. Prospective In Rem Relief from Automatic Stay Must Be Granted.

The present situation fits the classic model of bankruptcy fraud: A judgment debtor on the verge of an execution sale files for bankruptcy. This follows over a decade of Debtor Tina's abusing the bankruptcy process to protect her own assets and Demas Yan's, beginning with the "relatives come out of the woodwork" proof of claim in 2010, on to the conspiracy with 818 LLC, an entity obviously connected to Demas Yan, to file the fraudulent bankruptcies in 2019, and on to the two bankruptcies filed in recent months by Debtor herself. Debtor's behavior conforms with the behavior of the rest of Demas Yan's family, as discussed above. That should not be surprising: Demas Yan has been the attorney for all of them and his disbarment file mentions multiple instances of his counseling bankruptcy abuse for other clients. *See generally* Exh. O. Based on Debtor's pattern of conduct in response to Creditor Li's judgment, it should come as no

surprise that Tina filed another sham bankruptcy petition to escape execution of judgment when a newly scheduled sheriff's sale is ordered.

### B. Scheme to Hinder, Delay or Defraud Creditors Is Apparent from History of the Parties.

In granting relief under Section 362(d)(4), bankruptcy courts require the following explicit findings: (i) the bankruptcy case is part of a scheme, (ii) the object of the scheme was to hinder, delay or defraud creditors, (iii) the scheme involved either (a) a transfer of some interest in real property without the secured creditor's consent or (b) multiple bankruptcy filings affecting the property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864 (B.A.P. 9th Cir. 2012). Relief under Section 362(d)(4) may be granted by motion. An adversary proceeding is not required to be filed. *In re 4th St. E. Inv'rs, Inc.*, 474 B.R. 709, 712 (Bankr. C.D. Cal. 2012). No evidentiary hearing is necessary, as the bankruptcy court may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone. *In re Procel*, 467 B.R. 297, 308 (Bankr. S.D.N.Y. 2012); *see also In re Montalvo*, 416 B.R. 381, 387–88 (Bankr. E.D.N.Y. 2009).

All the required elements can be found here. First, as shown above, Debtor has been involved for more than a decade in a scheme to shelter Demas Yan's property and then to shelter her own property. Second, the object for this long-running scheme has been to hinder, delay or defraud creditors, and in particular Creditor Li.

Finally, Debtor's scheme involved a transfer of property without creditors' approval *and* multiple bankruptcies – all affecting the Debtor's Property.

1. 818 LLC filed Case No. 19-41624-CN (N.D.Cal.) after Debtor transferred to it 1% of the Debtor Property. Creditor Li had recorded an abstract of judgment on the property and never gave consent for the transfer. The automatic bankruptcy stay forced the San Francisco Sheriff to cancel the scheduled sale of the Debtor Property.

2. 818 LLC filed Case No. 8:19-bk-14452-MW (C.D. Cal.), once again tying up the Debtor Property and throwing off the second scheduled sheriff's sale of the building.

3. Debtor filed a Chapter 13 bankruptcy petition in August 2022. For the third time, the San Francisco Sheriff had to cancel a sale.

4. Debtor. Tina filed another Chapter 13 bankruptcy petition in January 2023, again sabotaging the sale of the Debtor Property.

Although the current bankruptcy filing, unlike previous ones, did not involve a sham transfer of a nominal property interest to tie up the entire property in a bankruptcy stay, it is obviously part of a long-running course of conduct by Debtor, in conspiracy with Demas Yan and his relatives and entities, aimed squarely to hinder, delay, and defraud Creditor Li. Debtor has stepped in at least four times to help her son and to harm movant Li. Starting thirteen years ago, she filed a competing creditor's claim in Demas Yan's bankruptcy case, which was thrown out by the Court because it was invalid and transparently aimed at blocking Li's effort to revive his own creditor's claim. *In re Yan*, 2011 WL 2923855 at *2. Then in 2012, just after Creditor Li had won his legal malpractice trial against his Demas Yan, Tina took real property out of Demas Yan's name to shelter it from the judgment. In 2019 and now in 2022, Debtor was involved in three bankruptcy filings, in two judicial districts, just days before movant Li was scheduled to collect on his judgment. As with her most recent petition in August 2022, Debtor again failed to file more than a dozen documents necessary to support her claim, leading to threat of automatic dismissal. Relief from the automatic stay is the only way to prevent Debtor from continuing to avoid the judgment against her, and to keep her from further burdening the Court with frivolous petitions.

The scheme and pattern of fraud are clear to see, as is Debtor's decade-plus involvement in it. The bankruptcy statute providing for prospective in rem relief from the automatic stay does not require that the debtor be the one who created the scheme or carried it out. *In re Dorsey*, 476 B.R. 261, 267 (Bankr. C.D. Cal. 2012). A

debtor's failure to properly prosecute its bankruptcy case is an indicator of participation in the fraudulent scheme. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014); *In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. 2009) (granting in rem relief in part because debtor's failure to prosecute his case to any meaningful extent supports permissible inference of intent to hinder, delay, and defraud).

WHEREFORE, Creditor Li respectfully requests this Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) and prays for judgment as follows:

1. Termination of the automatic stay pursuant to 11 U.S.C. § 362(d)(4) to allow Creditor Li to enforce his Judgment, including, but not limited to, enforcing his rights against the Debtor Property;

2. If recorded in compliance with applicable state law governing notices of interest or liens in the Debtor Property, the Order shall be binding and effective under 11 U.S.C. § 362(d)(4)(B) in any other bankruptcy case purporting to affect the Debtor Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interest or liens in real property shall accept a certified copy of this Order for indexing and recording;

3. For an Order that the 10-day stay described by Fed. R. Bankr. P. 4001(a)(3) be waived;

4. For an Order modifying the automatic stay to protect Creditor Li's interest, as the Court deems proper;

5. For such other relief as the Court deems proper.

DATED: January 14, 2023

                                                 /s/ Duy Thai
                                                 Duy Thai
                                                 Attorney for Movant
                                                 Charles Li

# CERTIFICATE OF SERVICE

I declare that I am employed in the City and County of San Francisco, California. My address is One Sansome Street, Suite 3500, San Francisco, California 94104. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached documents:

CREDITOR CHARLES LI'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(4)

and by electronic means to persons confirmed to be registered participants in the Electronic Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and served to:

| | |
|---|---|
| **Geoff Wiggs** | David Burchard |
| Law Offices of Geoff Wiggs | P.O. Box 8059 |
| 1900 South Norfolk St. #350 | Foster City, CA 94404 |
| San Mateo, CA 94403 | |
| (650)577-5952 | |
| Email: ECF@wiggslaw.com | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on January 14, 2023.

                                                                             /s/ Duy Thai  
                                                                                Duy Thai