Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor
Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TINA FOON YAN<br><br>　　　　　　　　　　Debtor. | Case No.: 23-30020 HLB 13<br><br>Chapter 13<br><br>R.S. No.: DT-003<br><br>CREDITOR CHARLES LI'S OPPOSITION TO AND REQUEST FOR HEARING ON DEBTOR TINA YAN'S MOTION TO APPOINT NEXT FRIEND PURSUANT TO F.R.B.P. 1001.4 |

　　　　　Creditor Charles Li hereby opposes and objects to Debtor Tina Yan's motion to appoint her son, Demas Yan, as her next friend with authority to make decisions for her in this bankruptcy case. Pursuant to LBR 9014-1(b)(3)(A), the objecting Creditor requests that the Debtor, as the initiating party of this motion, set a hearing date on her Motion, giving at least seven days' written notice of the hearing to the objecting Creditor. Alternatively, the objecting Creditor requests that the Court set a hearing date and time on the Motion.

Although Debtor Tina claims to be incapacitated and presents reasons for appointing a legal representative, Demas cannot be that representative. Demas is a disbarred attorney who has a judgment for fraud and unauthorized practice of law against him and who has a record of bankruptcy abuse, both as an attorney counseling others and a petitioner repeatedly engaged in improper conduct in his own long-running bankruptcy in this Court (Case No. 04-33526). In addition, he has a record of manipulating and exploiting his parents and filing fraudulent legal documents. Such a person cannot, in any way, be allowed to serve as a fiduciary for an incapacitated elder. Instead, the Court should appoint an independent, professional conservator or guardian for Debtor Tina Yan.

Although a bankruptcy petition may be filed by a "next friend" on behalf of a person lacking mental capacity, the forward-going management must be performed by an appointed conservator or guardian ad litem. *In re Brown*, 645 B.R. 524, 529 (D.S.C. Bkcy 2022). That is because a "next friend" is not a fiduciary, and FRBP 1004.1 requires a fiduciary to make the decisions for an incapacitated petitioner. FRBP 1004.1 ("representative" defined as "including a general guardian, committee, conservator, or *similar fiduciary*") (emphasis added). "[T]here needs to be a failsafe to prevent abuse and that there needs to be some evidence that the debtor was informed and believed that the bankruptcy filing was proper." *In re Nakano*, No. 2:19-BK-11179-RK, 2019 WL 2896199, at *12 (C.D.Cal. Bkcy. 2019)

Debtor Tina's son Demas is simply not qualified to be a fiduciary in this situation. Demas was disbarred in 2018 by the State Bar of California upon dozens of counts of misconduct and moral turpitude, often involving the bankruptcy system. The State Bar summarized Demas's ethical violations as follows: "(1) failing to support the laws; (2) failing to maintain respect due to the courts; (3) maintaining unjust actions; (4) committing acts of moral turpitude by misrepresentations; (5) commencing a proceeding for a corrupt motive; (6) failing to report judicial sanctions; (7) seeking to mislead judges;

(8) failing to obey court orders; and (9) committing multiple acts of misconduct in a foreign jurisdiction." Thai Decl., Exh. A, p. 1.

Of particular concern is that several of the counts involved Demas's filing of apparently fraudulent bankruptcies on behalf of others. Thai Decl., Exh. A, p. 3-5. The State Bar also found that his action constituted moral turpitude when he filed a pleading misrepresenting the effect of the automatic bankruptcy stay and causing an unaffected state court trial to be removed from the calendar. Thai Decl., Exh. A, p. 25-27. The State Bar also found that Demas abused the bankruptcy process in his vexatious hounding of third-party Tony Fu and his family.[1] Demas repeatedly filed state court lawsuits that the bankruptcy trustee had to remove to bankruptcy court and get dismissed. Thereupon, Demas connived his father, Cheuk Tin Yan (deceased), into filing an identical new suit in the father's name. Thai Decl., Exh. A, p.12. In a deposition, Cheuk testified that "he had not read any of the pleadings, but signed them because his son (Yan) told him to." *In re Yan*, No. 04-33526 TEC, 2013 WL 6801085, at *4 (N.D.Cal. Bkcy. 23, 2013), *aff'd sub nom. Yan v. Fu*, No. 14-CV-00085-RS, 2014 WL 4949528 (N.D.Cal. 2014), *aff'd sub nom. In re Yan*, 649 F. App'x 359 (9th Cir. 2016). Yan's vexatious litigation of resolved or discharged claims against the Fu parties caused this Court to determine that he is a vexatious litigant. *In re Yan*, 2013 WL 6801085, at *8.

In litigations against another set of parties, Demas's undue influence on his parents caused his father to be held in contempt by this Court. *In re Lombard Flats, LLC*, No. BK 09-32219 DM, 2014 WL 3963009, at *1 (N.D.Cal. Bkcy. 2014). The court found a morass of conflicts of interest and apparently fraudulent bankruptcy advice given to one of his clients: "There is a clear factual pattern with the following critical ingredients: Eng's personal lawyer, Demas, had knowledge of the Chapter 11 case well before the operative plan that was ultimately confirmed was filed; […]; Demas had a

---

[1] Tony Fu, Bryant Fu, and Crystal Lei have filed creditors' claims in the related bankruptcy of Tina's son-in-law Thai Ming Chiu (Case No. 23-30405).

3
CREDITOR CHARLES LI'S OPPOSITION TO AND REQUEST FOR HEARING ON DEBTOR TINA YAN'S MOTION TO APPOINT NEXT FRIEND PURSUANT TO F.R.B.P. 1004.1 — *In re Tina Yan*, No. 23-30020 HLB 13

hand in making sure that Debtor did not list Cheuk as a creditor or otherwise disclose the existence of a fraudulent transfer liability." *In re Lombard Flats, LLC*, 2014 WL 3963009, at *5. Conflict of interest is Demas's specialty, as the Bankruptcy Appellate Panel found especially regarding his parents, whom he has repeatedly represented: "His representation of [Thai Ming] Chiu and [Cheuk Tin] Yan as their attorney is truly troubling to this Panel. Where a debtor is a creditor's attorney, the conflict of interest involved is obvious. How can the debtor, as lawyer, advise his clients fully and effectively when the lawyer himself is on the other side of the bargaining table?" *In re Yan*, No. BAP NC-10-1476-JUHPA, 2011 WL 2923855, at *7 (9th Cir. B.A.P. 2011).

It is highly likely that the egregious conduct described above would pervade Tina's bankruptcy case were Demas to be appointed her fiduciary. Despite his disbarment, he is still exerting undue influence on his relatives. Indeed, the judgment Creditor Li holds against Demas and his relatives was based on unauthorized practice of law that Demas committed against Li while Demas was still in law school. *Li v. Yan*, 247 Cal.App.4th 56 (2016). When he was an attorney, Demas's representation of his relatives, including Tina, in *Li v. Chiu, et al.*, CGC-14-537574 (San Francisco Superior Court), caused great harm to Li, to Demas's own relative-clients, and to the judicial process. Shortly before a trial date, Demas was involved with another fraudulent pleading, this one purporting to be a motion to quash a subpoena that was faxed to a third-party bank. He never filed the motion, but it had achieved his desired result of sabotaging plaintiff's discovery. Thai Decl., Exh. A, p. 23. Demas refused to produce Tina for deposition, causing the trial judge to bar her from testifying at trial.[2]

Indeed, the following are sanctions assessed against Yan and his relative-clients – all of it unpaid:

---

[2] Creditor Li's undersigned counsel was also counsel in *Li v. Chiu, et al.* Demas demanded that Tina be provided not just a Chinese interpreter but one who knew the Toisanese dialect, even though all of her declarations were in English. Tina never appeared for any deposition and did not even attend the trial. Upon information and belief, Tina, in another lawsuit involving the Fu parties, has disavowed knowledge of multiple declaration bearing her signature. Thai Decl., ¶ 4.

4
CREDITOR CHARLES LI'S OPPOSITION TO AND REQUEST FOR HEARING ON DEBTOR TINA YAN'S MOTION TO APPOINT TRUSTEE PURSUANT TO F.R.B.P. 2100.1 – *In Re Tina Toon Yan*, No. 23-30020 HLB 13

| Date | Case | Sanction | Amount | Sanctioned Party |
|---|---|---|---|---|
| 10/28/2013 | Li v. Yan | Failure to Appear at Order of Examination | $1,200.00 | 547 23rd Avenue, LLC and/or Demas Yan |
| 7/2/2015 | Li v. Yan | Failures to Appear at Order of Examination | $1,275.00 | Demas Yan |
| 1/28/2016 | Li v. Yan appeal | Repeatedly arguing matters not within appeal | $9,000.00 | Demas Yan |
| 10/25/2016 | Li v. Yan | Order granting motion to compel | $2,500.00 | Demas Yan |
| 3/2/2017 | Li v Chiu, et al | Order granting motion to compel | $3,500.00 | Thai Ming Chiu, Kaman Liu, Tina Yan, and Demas Yan |
| 1/10/2020 | Li v. Fang, et al | OR granting motion to compel | $1,250.00 | Demas Yan |
| 1/24/2020 | Li v. Fang, et al | OR denying Yan's motion to quash | $3,450.00 | Demas Yan |
| 8/21/2020 | Li v. Fang, et al | OR denying Yan's motion to quash | $3,500.00 | Demas Yan |
| 10/21/2020 | Li v. Fang, et al | OR denying Legal Associates, Inc.'s motion to quash | $5,750.00 | Legal Associates, Inc. (unblocked discovery reveals that Yan is the sole owner of Legal |

| Date | Case | Sanction | Amount | Sanctioned Party |
|---|---|---|---|---|
| | | | | Associates, Inc.) |
| 6/2/2021 | Li v. Fang, et al | Order denying Yan motion to quash | $4,600.00 | Demas Yan |

Thai Decl., ¶ 6.

Demas cannot be appointed as Tina's fiduciary because he simply refuses to obey court orders. Not the sanctions orders above. Not a currently outstanding order to submit to a deposition in *Li v. Fang, Yan, et al.*, CGC-18-571386 (San Francisco Superior Court). Not even a published decision requiring him to produce his tax returns. *Li v. Yan*, 216 Cal.App.4th 246. Thai Decl., ¶ 7.

It is clear that Demas would bring to this case the same chaos that he wreaked upon his own bankruptcy case and upon litigations with Creditor Li. The Court has the authority to appoint a guardian or conservator for Debtor Tina in accordance with Federal Rule of Bankruptcy Procedure 1004.1. *In re Adelman*, No. 2:15-BK-15952-RK, 2018 WL 6930388, at *1 (C.D.Cal. Bkcy 2018). An independent fiduciary can finally separate Tina from Demas's undue influence. An independent fiduciary would stand a chance of drilling down to get a realistic view of Tina's financial affairs. Demas, who was sanctioned repeatedly for his conduct in his own state court debtor's examinations.

WHEREFORE, Creditor Li respectfully requests that this Court grant relief as follows:

1. An Order appointing a qualified guardian or conservator for Debtor Tina Yan in accordance with Federal Rule of Bankruptcy Procedure 1004.1.

2. An Order modifying the automatic stay to protect Creditor Li's interest, as the Court deems proper;

3. Such other relief as the Court deems proper.

6
CREDITOR CHARLES LI'S OPPOSITION TO AND REQUEST FOR HEARING ON DEBTOR TINA YAN'S MOTION TO APPOINT NEXT FRIEND PURSUANT TO F.R.B.P. 1004.1 – *In Re Tina Yoon Yan*, No. 23-30020 HLB 13

Case: 23-30020    Doc# 27    Filed: 01/31/23    Entered: 01/31/23 16:39:46    Page 6 of 8

4. Alternatively, the Court should grant Creditor Li's pending motion for prospective in rem relief from stay pursuant to 11 U.S.C. § 362(d)(4).

DATED: January 31, 2023

                                           /s/ Duy Thai
                                          Duy Thai
                                       Attorney for Movant
                                           Charles Li

Case: 23-30020    Doc# 27    Filed: 01/31/23    Entered: 01/31/23 16:39:46    Page 7 of 8

# CERTIFICATE OF SERVICE

I declare that I am employed in the City and County of San Francisco, California. My address is One Sansome Street, Suite 3500, San Francisco, California 94104. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached documents:

CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR TINA YAN'S MOTION TO APPOINT NEXT FRIEND PURSUANT TO F.R.B.P. 1001.4

and by electronic means to persons confirmed to be registered participants in the Electronic Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and served to:

| | |
|---|---|
| **Geoff Wiggs** | David Burchard |
| Law Offices of Geoff Wiggs | P.O. Box 8059 |
| 1900 South Norfolk St. #350 | Foster City, CA 94404 |
| San Mateo, CA 94403 | |
| (650)577-5952 | |
| Email: ECF@wiggslaw.com | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on January 31, 2023.

                                                                                                    /s/ Duy Thai
                                                                                                      Duy Thai