Bryant Fu and Crystal Lei
337 28th Avenue
San Francisco, CA 94121
(415) 221-0969

Creditors in Pro Se

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Tina Foon Yan,<br><br>      Debtor. | Case No.: 23-30020<br><br>Chapter 13<br><br>**CREDITORS BRYANT FU AND CRYSTAL LEI'S OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY (DKT. 17)**<br><br>Date:    February 9, 2023<br>Time:   1:00 p.m.<br>Honorable Hannah L. Blumenstiel |

Creditors BRYANT FU ("Fu") and CRYSTAL LEI ("Lei", and Lei together with Fu are collectively referred to herein as the "Creditors") hereby objects to the Motion to Extend the Automatic Stay as to All Creditors ("MTEAS") filed by Debtor Tina Foon Yan ("Debtor").

**I.    INTRODUCTION**

Debtor is a vexatious litigant under California state law who, in conjunction with disbarred attorney and vexatious litigant Demas Yan a/k/a Dennis Yan, has abused the Bankruptcy Court process to prevent her creditors from being paid on their judgments entered against them for various tort damages. Creditors requests the MTEAS be denied to the extent it requests an extension of the automatic stay for the duration of this Chapter 13 proceeding, or in the alternative, Creditors requests that any automatic stay extension be conditional and limited to no more than 90 additional days because Debtor has not proven that this case was filed in good faith. Furthermore, Debtor has not filed her Chapter 13 plan, schedules and other required documents to allow Creditors sufficient time to determine whether an expansive automatic stay throughout this

proceeding will adequately preserve the estate based Debtor's prior bad-faith conduct and information that Debtor may be actively attempting to dispose of assets to negatively affect the bankruptcy estate during the lapse in time between the filing of the MTEAS and the filing date of her required documents.

## II. LEGAL STANDARD

11 U.S.C § 362(c)(3)(B) provides that a continuation of the stay beyond the 30-day limitation under the Bankruptcy Abuse Prevention and Consumer Protection Act may be granted only if four requirements are met: (1) a motion is filed; (2) there is notice and a hearing; (3) the notice and hearing are completed before the expiration of the original 30-day stay; and the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed." If those four requirements are fulfilled, then a court may extend the stay "subject to such conditions or limitations as the court may then impose." (11 U.S.C. § 362(c)(3)(B).)

Under 11 U.S.C. § 362(c)(3)(C)(i), a presumption of the absence of good faith arises as to all creditors of a debtor in three circumstances:

(1) If the debtor was a debtor in more than one case pending in the preceding one-year period; (11 U.S.C. § 362(c)(3)(C)(i)(I).);
(2) If the prior case was dismissed as a result of the debtor's failure to file or amend the petition or other required documents without substantial excuse, to provide adequate protection ordered by the court, or perform the terms of a confirmed plan; (11 U.S.C. § 362(c)(3)(C)(i)(II).); or
(3) If "there has not been a substantial change in the financial or personal affairs of the debtor" since the prior case was dismissed, or if a fully-performed, confirmed plan in the current case is not likely. (11 U.S.C. § 362(c)(3)(C)(i)(III).)

The debtor must rebut the presumption of the absence of good faith "by clear and convincing evidence to the contrary." (11 U.S.C. § 362(c)(3)(C).) The California Supreme Court opined that " 'clear and convincing' evidence requires a finding of high probability [, or] evidence ... ' "so clear as to leave no substantial doubt"; "sufficiently strong to command the unhesitating assent of every reasonable mind." ' " (*In re Angelia P.* (1981) 28 Cal.3d 908, 919.)

Courts look to the totality of the circumstances to determine whether the debtor has established the good faith required by 11 U.S.C. § 362(c)(3). (*In re Elliott-Cook* (Bankr. N.D.

Cal. 2006) 357 B.R. 811, 814.)  Many of the relevant circumstances coincide with the factors for determining good faith in confirmation of a chapter 13 plan.  See *In re Warren* (9th Cir. BAP 1988) 89 B.R. 87, 93 (listing eleven good faith factors in the confirmation context).  In addition, the objective futility of the case and the subjective bad faith of the debtor should be considered. (*In re Elliott-Cook, supra,* 357 B.R. 814.)

### III. FACTUAL AND PROCEDURAL BACKGROUND

Creditors incorporate by reference the facts presented by creditor Charles Li herein as plead in Creditor Charles Li's Opposition to Debtor Tina Yan's Motion to Extend Stay (Dkt. 34)

On July 16, 2019, Debtor transferred 1% ownership interest in her dwelling to 818 Green Street, LLC which filed for Chapter 11 bankruptcy (case no. 19-41624) on July 18, 2019 days before a sheriff sale schedule to foreclose on her house.

On October 2, 2019, the honorable Charles Novack, Chief Judge of the Bankruptcy Court for the Northern District of California, entered an Order Denying Motion to Vacate In Rem Order finding that "Green Street's Chapter 11 was the epitome of an abject, bad faith bankruptcy filing." (Declaration of Bryant Fu in Support of Creditors Bryant Fu and Crystal Lei's Objection to Debtor's Motion to Extend Automatic Stay ("Fu Decl."), Ex. 1)  On November 13, 2019, the bankruptcy case was closed and the sheriff sale of her house was set to resume.

On November 14, 2019, 818 Green Street, LLC was used to file a Chapter 7 bankruptcy in the Central District.  On June 11, 2020, the Court entered an Order Granting Motion for Relief from Automatic Stay under 11 U.S.C. § 362 finding that "the filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors" that involved the transfer of ownership of property without approval and multiple bankruptcy cases affecting the property.  (Fu Decl., Ex. 2)

On December 1, 2021, Creditors obtained judgment against Debtor for fraudulent transfer and conspiracy to defraud.  Specifically, the Court adjudged that Debtor engaged in a conspiracy with disbarred and vexatious litigant Demas Yan a/k/a Dennis Yan to defraud Creditors.  (Fu Decl., Ex. 3)  Creditors have not been paid anything on their judgment and Demas Yan has actively sabotaged enforcement efforts to drive up costs.

On August 11, 2022, Debtor filed for Chapter 13 bankruptcy and petition was lodged

3

Case: 23-30020  Doc# 35  Filed: 02/07/23  Entered: 02/08/23 09:17:39  Page 3 of 6

under case no. 22-30407. The bankruptcy was filed days prior to the sheriff sale. On August 26, 2022, ordered dismissal of the bankruptcy pursuant to Debtor's motion for voluntary dismissal.

On December 14, 2022, Creditors filed a motion for assignment order to collect the proceeds of the sheriff sale of Debtor's house set for auction on January 12, 2023. Debtor did not file any opposition to the motion which was set for hearing on January 11, 2023.

On January 10, 2023, Debtor initiated the instant Chapter 13 bankruptcy case.

### IV. LEGAL ARGUMENTS

Debtor has not proven by clear and convincing evidence that she is entitled to extend the automatic stay. Debtor's 2-page MTEAS relies solely on the 2-page declaration of disbarred and vexatious litigant Demas Yan a/k/a Dennis Yan. Demas Yan was declared a vexatious litigant by the Honorable Judge Thomas E. Carlson in 2013 for egregious misconducts in this Court and other courts. (Fu Decl., Ex. 4) Further, Demas Yan is not credible and he has a history of lying to Courts. Indeed, he deliberate misrepresentations under penalty of perjury to mislead the judges of the Ninth Circuit Court of Appeal which was one of the 27 counts of misconduct he committed that resulted in his disbarment in March of 2018. (Fu Decl., Ex. 5) Therefore, there is no substantive evidentiary support in the MTEAS for finding "good faith" as required under 11 U.S.C. § 362(c)(3)(C).

Additionally, in the absence of a Chapter 13 plan, schedules and other required documents, Creditors do not have sufficient information to determine whether an expansive automatic stay throughout this proceeding will adequately preserve the estate especially based on Debtor's prior bad-faith conduct and information that Debtor may be actively attempting to transfer or dispose of assets to negatively affect the bankruptcy estate during the lapse in time between the filing of the MTEAS and the filing date of her required documents (which has yet to occur). (Fu Decl., ¶2)

Therefore, Creditors requests the MTEAS be denied to the extent it requests an extension of the automatic stay for the duration of this Chapter 13 proceeding, or in the alternative, Creditors requests that any automatic stay extension be conditional and limited to no more than 90 additional days pending an adequate plan and complete schedules.

Respectfully submitted,

DATED: February 7, 2023

_____
Bryant Fu
Creditor in Pro Se

_____
Crystal Lei
Creditor in Pro Se

5

Case: 23-30020  Doc# 35  Filed: 02/07/23  Entered: 02/08/23 09:17:39  Page 5 of 6
CREDITORS BRYANT FU AND CRYSTAL LEE'S OBJECTION TO MOTION TO EXTEND AUTOMATIC STAY

# CERTIFICATE OF SERVICE

Case no. 20-30020

I am a legal resident of the United States, over the age of eighteen. My address is 400 27th Avenue, San Francisco, CA 94121.

On February 7, 2023, I served the following documents:

CREDITORS BRYANT FU AND CRYSTAL LEI'S OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

DECLARATION OF BRYANT FU IN SUPPORT OF CREDITORS BRYANT FU AND CRYSTAL LEI'S OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

On the interested parties as follows:

Geoff Wiggs
Law Offices of Geoff Wiggs
1900 South Norfolk St. #350
San Mateo, CA 94403
(650)577-5952 Email:
ECF@wiggslaw.com

__X__ By electronic service: On the interested party named above in said cause by successfully sending the e-mails to the e-mail addresses shown as the above.

David Burchard
P.O. Box 8059
Foster City, CA 94404

__X__ By First Class mail service: On the interested party named above in said cause by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at <u>Postal Office, San Francisco</u> addressed as the above

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 7, 2023, at San Francisco, California.

*/s/ Peter Poon*
Peter Poon