Entered on Docket
February 08, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 8, 2023

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 23-30020 HLB |
| TINA FOON YAN, | ) Chapter 13 |
| Debtor. | ) |

**ORDER DENYING SECOND MOTION TO EXTEND TIME**

This case comes before the court on Debtor Tina Foon Yan's Second Ex Parte Motion to Extend Time[1] to file the documents required by section 521[2] and Bankruptcy Rule 1007 (the "Required Documents"). The Motion requests an additional 10 days to file the Required Documents, moving a deadline the court has already extended once[3] from February 7, 2023 to February 17, 2023.

The Motion explains – with no supporting evidence – that Ms. Yan suffers from advanced dementia and is not competent to manage her affairs. She (or someone acting on her behalf) asked the court to appoint her son (Demas Yan) as her "Next

---

[1] Dkt. 33 (the "Motion").

[2] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code") and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[3] Dkt. 21.

-1-

Case: 23-30020   Doc# 38   Filed: 02/08/23   Entered: 02/08/23 11:47:22   Page 1 of 4

Friend" so that he could manage this case on her behalf.[4] Mr. Yan is a disbarred attorney with a lengthy history of fraudulent conduct and vexatious litigation who never should have been proposed as someone who could assist Ms. Yan in fulfilling her fiduciary duties as a debtor in bankruptcy. For that reason, the court entered an order declining to appoint him as his mother's Next Friend.[5]

The Motion ignores the procedural posture of this case. Set for hearing tomorrow (February 9, 2023) are two motions: **(1)** Ms. Yan's motion to extend the automatic stay,[6] which has been opposed by creditors Charles Li[7] and Bryant Fu and Crystal Lei;[8] **and (2)** Mr. Li's motion for relief from stay,[9] which requests relief under section 362(d)(4). Ms. Yan's meeting of creditors, required by section 341(a), is scheduled for February 16, 2023.

The court cannot evaluate the Motion to Extend Stay or the RFS Motion without certain of the Required Documents. And without the Required Documents, the Standing Chapter 13 Trustee cannot conduct a meeting of creditors or the appointment of a Next Friend.

---

[4] Dkt. 6 (Debtor's Motion to Appoint Next Friend).

[5] Dkt. 32.

[6] Dkt. 17 (the "Motion to Extend Stay"). The court set the Motion to Extend Stay for an expedited hearing (Dkt. 24), after Ms. Yan's counsel waited more than two weeks after filing the case to file it despite knowing that the stay would expire 30 days following commencement of the case.

[7] Dkt. 34.

[8] Dkt. 35.

[9] Dkt. 14 (the "RFS Motion").

At this point, further delay will cause significant prejudice to the court, to the Standing Chapter 13 Trustee, and to creditors. Ms. Yan's health conditions appear to have existed for some time and therefore could not have come as a surprise. And while she might be facing imminent foreclosure, that is also not something that happened overnight. Poor planning on the part of those purporting to act for Ms. Yan does not justify the significant prejudice she asks the court to impose on parties whose interests are just as important as hers.

Accordingly, the court **ORDERS** as follows:

**1.** The Motion is hereby **DENIED; and**

**2.** The Clerk of Court shall dismiss this case, effective immediately.

**\*\*END OF ORDER\*\***

**Court Service List**