GEOFFREY E. WIGGS (SBN 276041)
NADYA MACHRUS (SBN 334413)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor
Tina Foon Yan

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

In re

**TINA FOON YAN**

Debtor.

Case No.: 23-30020

Chapter 13

**MOTION FOR RELIEF FROM ORDER GRANTING *IN REM* RELIEF FROM STAY ENTERED FEBRUARY 13, 2023**

Date: April 19, 2023
Time: 11:10 a.m.
Location: Telephonic/Video

Debtor Tina Foon Yan hereby Moves for Relief from the Court's Order granting *in rem* Relief from the Automatic Stay (11 U.S.C. § 362(d)(4)), entered on February 13, 2023. (Docket #42).

Federal Rule of Civil Procedure 60, made applicable by Federal Rule of Bankruptcy 9024, provides that on motion and just terms, the court may relieve a party from a final judgment or Order. One of the enumerated reasons for granting such relief is in the instance where the judgment or order is void.

On February 8, 2023, the Court entered an Order dismissing the instant chapter 13 bankruptcy case. (Docket #39). On February 13, 2023, the Court, after holding a hearing on Creditor Charles Li's Motion for Relief From Stay, entered an Order granting prospective *in rem* relief

- 1 -

Case: 23-30020   Doc# 46   Filed: 02/22/23   Entered: 02/22/23 17:11:17   Page 1 of 3

from the automatic stay. The Court's Order granted prospective *in rem* relief from automatic stay concerning real property located at 1433-1435 7th Avenue, San Francisco, California 94122.

## THE COURT LACKED JURISDICTION TO ENTER THE ORDER

The Court entered an Order of Dismissal on February 8, 2023. (Docket #39). The Court's Order of Dismissal was without reservation. However, the Court, in a Docket Text Order issued that same day the Court Ordered:

> This case is scheduled to come before the court on February 9, 2023 for a hearing on Creditor Charles Li's motion for relief from stay (Dkt. 14; the "Motion"), which requests relief under 11 U.S.C. § 362(d)(4). On February 8, 2023, however, the court dismissed the case (Dkt. 39) due to Debtor Tina Foon Yan's failure to timely file the documents required by 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure. Dismissal terminates the automatic stay, pursuant to 11 U.S.C. § 362(c)(2)(B). That said, given the Motion's request for relief under 11 U.S.C. § 362(d)(4), the court ORDERS as follows: (1) The February 9 hearing on the Motion will go forward; (2) Movant should be prepared to discuss whether all creditors with claims secured by the real property located at 1433-1435 7th Avenue, San Francisco, CA, were served with the Motion; and (3) Debtor's counsel shall appear at the February 9 hearing.

(Docket Text Order issued February 8, 2023)

Section 349 of the Bankruptcy Code lists the various effects of dismissal of the underlying bankruptcy case. 11 U.S.C. § 349 subsection (b)(3) provides that a dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." The objective of Section 349 is to "restore all property rights, insofar as is practicable, to their positions when the case was filed." *In re Safren,* 65 B.R. 566, 571 (Bankr. C.D. Cal. 1986) (citations omitted); *In re Newton,* 64 B.R. 790, 793 (Bankr. C.D. Ill. 1986) (to the extent possible, dismissal of a petition

reverses what has transpired during a bankruptcy).

The Court's jurisdiction over the estate of the case terminated on the dismissal of the case on February 8, 2023. Creditor's Motion for Relief from Stay was heard on February 9, 2023. Regardless of whether the Court had jurisdiction to hear the motion, it is Debtor's opinion that the Court, on February 9, 2023, no longer had subject matter jurisdiction to enter Order which would affect parties' rights related to properties that are no longer property of the estate.

For the reasons stated, the Order entered on February 13, 2023 (Docket #42) should be set aside.

oo0oo

Respectfully submitted,

Dated <u>February 22, 2023</u>

                                LAW OFFICES OF GEOFF WIGGS

                                <u>/s/ *Geoffrey E. Wiggs, Esq.*</u>
                                Geoffrey E. Wiggs, Esq