

Signed and Filed: February 24, 2023

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 23-30020 HLB |
| TINA FOON YAN, | ) Chapter 13 |
|        Debtor. | ) |

**ORDER DENYING DEBTOR'S MOTION FOR RELIEF FROM IN REM ORDER**

On February 8, 2023, the court dismissed this case due to Debtor Tina Foon Yan's failure to timely file the documents required by 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure.[1] Creditor Charles Li's motion for relief from stay[2] was pending at the time of dismissal and was set for hearing on February 9.

The In Rem Motion requested relief under 11 U.S.C. § 362(d)(4). Given the serious allegations in the In Rem Motion, and given the court's concerns about whether this case was filed in good faith,[3] the court issued an electronic Docket Text Order on February 8, 2023 (the "Feb. 8 Order") indicating that the

---

[1] Dkt. 39 (the "Dismissal Order").

[2] Dkt. 14 (the "In Rem Motion").

[3] See Dkts. 32 and 38.

hearing on the In Rem Motion would proceed as scheduled, notwithstanding dismissal.

During the hearing on the In Rem Motion, the court issued oral findings of fact and conclusions of law, granted the In Rem Motion, and instructed Mr. Li's counsel to upload an order consistent with the In Rem Motion. The court entered an order granting the In Rem Motion on February 13, 2023,[4] and an amended order on February 20, 2023.[5]

On February 23, 2023, Ms. Yan's attorney filed a Motion for Relief from Order Granting In Rem Relief,[6] arguing that, pursuant to 11 U.S.C. § 349(b)(3), dismissal caused property of the bankruptcy estate to revest in Ms. Yan. According to the Motion for Relief, this means the court lacked subject matter jurisdiction to enter the In Rem Order, which renders the In Rem Order void. The court will exercise its discretion under B.L.R. 9013-2(a) and will adjudicate the Motion for Relief without oral argument.

The court strongly disagrees with the reasoning of the Motion for Relief. First, by issuing the Feb. 8 Order, the court retained jurisdiction to consider the In Rem Motion. Where the court "for cause, orders otherwise," dismissal does not cause property of the bankruptcy estate to revest in the debtor. The only reasonable interpretation of the court's Feb. 8 Order is that the court intended to retain jurisdiction to rule on the In

---

[4] Dkt. 42.

[5] Dkt. 44 (the "In Rem Order").

[6] Dkt. 46 (the "Motion for Relief").

Rem Motion.  Second, Ms. Yan's counsel appeared at the February 9, 2023 hearing on the In Rem Motion and presented argument in opposition to the relief sought.  At no point during that hearing did Ms. Yan's counsel assert a lack of jurisdiction, and therefore waived any such argument.

Nevertheless, and to preserve the validity of the relief afforded – for good reason – to Mr. Li, the court issued an Order Vacating Dismissal Order[7] for the limited purpose of entering a Second Amended In Rem Order, as well as this order.  The Second Amended In Rem Order has been entered.[8]  Upon entry of this order, the court will once again dismiss this case.

Accordingly, the court **ORDERS** Ms. Yan's Motion for Relief **DENIED**.

**\*\*END OF ORDER\*\***

---

[7] Dkt. 49.

[8] Dkt. 50.

**Court Service List**