Leeds Disston, Esq. SBN 045016
CASALINA & DISSTON
409 13th Street, 9th Floor
Oakland, CA 94612
(510) 835-8110 Telephone
(510) 835-8113 Facsimile
casdiss@yahoo.com
Attorney for debtor TINA FOON YAN

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re <br><br> TINA FOON YAN <br><br> Debtor. | Case No.: 23-30020 HLB <br><br> Chapter 13 <br><br> MOTION FOR RELIEF FROM ORDER GRANTING IN REM RELIEF FROM STAY ENTERED FEBRUARY 13, 2023 (Docket #50) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date:  April 13, 2023 <br> Time: 1:00 p.m. <br> Judge: Hon. Hannah L. Blumenstiel <br> Place: 450 Golden Gate Avenue <br> San Francisco, CA 94102 <br> Courtroom: 19 <br> Location:  Telephone/Video |

## MOTION

Debtor Tina Foon Yan hereby Moves for Relief from the ORDER VACATING DISMISSAL ORDER (Docket #49, February 24, 2023) and the SECOND AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #50, February 24, 2023).   This motion is made pursuant to Fed. R. Civ. P. Rule 60 made applicable by FRBP Rule 9024.  One of the grounds for relief is when the judgment is void.  (Fed. R. Civ. P. Rule 60 (b)(4).)

- 1

By this motion, Debtor seeks an order(s) from the Court to set aside the ORDER VACATING DISMISSAL ORDER (Docket #49, February 24, 2023) and the SECOND AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #50, February 24, 2023) and if so necessary to provide complete relief, an order(s) to set aside the ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #42, February 13, 2023) and FIRST AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #44, February 20, 2023).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

On February 8, 2023, the Court entered an Order dismissing the instant chapter 13 bankruptcy case.  (Docket #39)(the "Dismissal Order").  On February 13, 2023, the court entered an order granting creditor Charlies Li's In Rem Motion (Docket #42) and an amended order on February 20, 2023 (Docket #44).

On February 23, 2023, Debtor Tina Yan's attorney filed a Motion for Relief from Order Granting In Rem Relief (Docket #46).  On February 24, 2023, the Court entered an ORDER VACATING DISMISSAL ORDER, vacating the Dissmissal Order entered on February 8, 2023 as Docket #39 (Docket #49), the SECOND AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #50), ORDER DENYING DEBTOR'S MOTION FOR RELIEF FROM IN REM ORDER (Docket #51), and an ORDER DISMISSING CASE (Docket #52).

### II.  LEGAL STANDARD

A void judgment is generally defined as one in which the rendering court lacked subject matter jurisdiction over the dispute or jurisdiction over the parties, or acted in a manner inconsistent

with due process of law or otherwise acted unconstitutionally in entering judgment. *In re Four Seasons Securities Laws Litigation* (10th Cir.1974), 502 F.2d 834, cert. denied (1974), 419 U.S. 1034, 42 L. Ed. 2d 309, 95 S. Ct. 516.

The Supreme Court stated in *Arbaugh v. Y H Corp.* 546 U.S. 500, 506 (2006) 126 S. Ct. 1235, 1240:

> The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. ..."Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Court have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. (*Id*. at 514.) Jurisdiction cannot be assumed. Once objection to jurisdiction is raised, "[t]he burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F.2d 416 (5th Cir. 1972).

## III. THE ORDER VACATING DISMISSAL ORDER (DKT #49) IS VOID FOR LACK OF JURISDICTION

Rule 59(e) of the Federal Rules of Civil Procedure, made applicable under Rule 9023 of the Federal Rules of Bankruptcy Procedure, allows a party to move to alter or amend a judgment where: (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or to correct a clear error of fact or law. (Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023; *In re Conex Holdings, LLC*, 524 B.R. 55, 58 (Bankr. D. Del. 2015).)

FRBP Rule 9023 provides that a motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Case: 23-30020    Doc# 59    Filed: 03/09/23    Entered: 03/09/23 11:09:55    Page 3 of 8

A court does not have jurisdiction beyond that granted under Rule 59(e) to alter or amend a final judgment. As the Supreme Court stated in *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162, 1165-66, 71 L. Ed. 2D 325 (1982):

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "[make] clear that the district court possesses the power" to rectify its own mistakes in the period *immediately* following the entry of judgment.

(footnote omitted, emphasis added.)

In *Cusano v. Klein* (In re Cusano) 431 B.R. 726 (B.A.P. 6th Cir. 2010), the debtor asserts that his notice of voluntary dismissal instantly terminated the case and the court's jurisdiction to hear the Appellees' motion to alter or amend the dismissal order. The reviewing court disagreed, stating that the bankruptcy court retained jurisdiction to entertain the Appellees' timely filed motion under Rule 59(e) of the Federal Rules of Civil Procedure, made applicable under Rule 9023 of the Federal Rules of Bankruptcy Procedure (*Id.* at 733) and that an order of dismissal does not deprive the bankruptcy court of jurisdiction to entertain a *timely filed motion* to alter or amend an order of dismissal. (*Id.* at 734, emphasis added).

Pursuant to BLR 9023, a motion pursuant to FRCP 59(e) to alter or amend an order, including an order of dismissal, *must* be filed no later than 14 days after entry of the order. Here, the original Dismissal Order (Docket #39) was filed on February 8, 2023. Hence a motion to alter or amend the dismissal order must be filed by February 22, 2023. The ORDER VACATING DISMISSAL ORDER (Docket #49) was not filed until February 24, 2023, hence this order is untimely and void for lack of jurisdiction. Furthermore, there was no motion filed, and even if such a motion was timely filed, there is no apparent basis to grant such a motion since it can only be granted if (1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or to correct a clear error of fact or law. For all of these reasons, the ORDER VACATING DISMISSAL ORDER (Docket #49) is void for lack of jurisdiction and must be set aside.

- 4

## IV.  THE ORDERS GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY (Dkts ##42, 44, 50) ARE VOID FOR LACK OF JURISDICTION

In *In re Harris,* 595 B.R. 115 (Bankr. D. Mass. 2019), the court found that without a pending bankruptcy case, the court lacked jurisdiction to grant the creditor stay relief.  The court stated that "[w]ithout a pending bankruptcy case, there is no automatic stay preventing a creditor from proceeding against a person or property in the first place. In other words, there simply is no stay to lift."  [*Id.* at 117, citing *Armel Laminates, Inc. v. Lomas & Nettleton Co*. (In re Income Prop. Builders, Inc.), 699 F.2d 963, 964 (9th Cir. 1982)("Obviously the automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of the bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy. . . . Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay . . . .")]   The court further stated that "the Constitution limits the judicial power of federal courts to deciding cases or controversies;" and that "[t]he automatic stay embodies one of the foundational principles of bankruptcy law …. By any measure, therefore, a motion for relief from stay cannot be classified as a collateral issue in a bankruptcy case which survives the dismissal of the case. (*Id.* at 118-119.)

A plain reading of the statute also shows that the legislature did not intent for the right to motion for relief from stay to survive a dismissal.  Since the in rem relief available under § 362(d)(4) is a creation of the Bankruptcy Code, the Code must be strictly construed. "We interpret a federal statute by ascertaining the intent of Congress and by giving effect to its legislative will[,]" beginning with the statute's language.  *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 720 (9th Cir. 2003) (internal quotation marks omitted). We "presume that [the] legislature says in a statute what it means and means in a statute what it says." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) (internal quotation marks omitted).

The code providing for in rem relief shows that it is a remedy for modifying or conditioning the stay in a pending bankruptcy proceeding, not an independent right that can be exercised without

Case: 23-30020    Doc# 59    Filed: 03/09/23    Entered: 03/09/23 11:09:55    Page 5 of 8

a pending proceeding.   Section 362 subsection (d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant *relief from the stay* provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay[.]" (Emphasis added.)   Subsection (a) provides that a petition filed under section 301, 302, or 303 operates as an automatic stay.   In turn, subsection (c) specifies the duration of the automatic stay.  Paragraph (2) of subsection (c) provides that *automatic stay terminates, inter alia, at the time the case is dismissed.*   Paragraph (4) of subsection (d), which provides for in rem relief, provides that court may fashion relief from stay "with respect to a stay of an act against real property under subsection (a) by a creditor whose claim is secured by an interest in such real property." (Emphasis added.)  The language of the code in paragraph (4) of subsection (d) shows that it is applicable only when there is a stay with respect to a real property in the estate of the pending proceeding.

A plain reading of the code shows that a creditor's right to motion for relief pursuant to this code requires that a stay under subsection (a) be existent, otherwise the code emphasized above would be entirely superfluous.

In contrast to a motion for relief from stay, a motion for violation of automatic stay does not have any language indicating that it is dependent on existence of stay.  11 U.S. Code § 362 subsection (k) reads as follows:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

"[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (internal quotation marks omitted). Thus the code in

- 6

subsection (k) is consistent with case authorities holding that a violation of stay gives rise to a cause of action that survives termination of proceeding, whereas, the code in subsection (d) specifically pertains only to stay as provided by subsection (a) in a pending proceeding.

Furthermore, subsection (c) was amended by BAPCPA to discouraging bad faith repeat filings by conditioning or limitation the scope of stay in subsequent filing after dismissal of a case. A plain reading of subsection (c)(3)(C)((ii), which provides guidance to the court to determine if a subsequent filing is not in good faith, shows that the legislature did not even intend a pending motion under subsection (d) in a prior case to survive dismissal of that case.

Subsection (c)(3)(C)(ii) reads as follows:

> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)
>
> …
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor;

A plain reading of the code shows that an action commenced under subsection (d) but not resolved before dismissal does not survive dismissal, otherwise the language is totally superfluous because then such a motion would have been resolved by the court post dismissal. The code shows that the code intends a pending motion under subsection (d) to be dismissed along with dismissal of the case. Such an interpretation of the code is also consistent with the established rule in the 9th Circuit that the bankruptcy court does not have jurisdiction to grant new relief independent of its prior rulings once the underlying action has been dismissed. *Azam v. US Bank N.A.* (In re Azam)(2015, BAP for the Ninth Circuit) 2015 Bankr. LEXIS 1581 (citing *Armel Laminates, Inc. v. Lomas & Nettleton Co.* (In re Income Property Builders, Inc.), 699 F.2d 963, 964 (9th Cir. 1982). See also *Spacek v. Thomen* (In re Universal Farming Indus.), 873 F.2d 1334, 1335 (9th Cir. 1989) (dismissal of underlying bankruptcy case moots all issues directly involving the debtor's reorganization, but not those ancillary to the bankruptcy).

- 7

For all of these reasons, the SECOND AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #50, February 24, 2023), as well as the original ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #42, February 13, 2023) and FIRST AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #44, February 20, 2023) are void for lack of jurisdiction and must be set aside.

CONCLUSION

For the reasons state, the Court should grant this Motion and set aside the ORDER VACATING DISMISSAL ORDER (Docket #49, February 24, 2023) and the SECOND AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #50, February 24, 2023) and if so necessary to provide complete relief, an order(s) to set aside the ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #42, February 13, 2023) and FIRST AMENDED ORDER GRANTING PROSPECTIVE IN REM RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4) (Docket #44, February 20, 2023).


Dated: 3/8/2023

/s/Leeds Disston, Esq.

Attorney for Plaintiff

– 8